IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW OTTON, JR.,

        Petitioner,                  No. CIV S-05-2021 MCE EFB P

     vs.

ARNOLD SCHWARTZENEGGER,

        Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

                                       /

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks habeas relief on the grounds that: (1) the San Mateo County District Attorney and a South San Francisco police officer are acting in violation of the terms of the plea agreement that gave rise to his guilty plea; (2) he is being denied custody credits in violation of the terms of the plea agreement; (3) the guilty plea was obtained unlawfully as petitioner did not understand the nature of the charge and the consequences of his plea; and (4) Governor Gray Davis' "no parole" policy violated the terms of his plea agreement.

Respondent filed a motion to dismiss this action on March 9, 2006, upon the grounds that: (1) the petition raises untimely claims; (2) the court lacks personal jurisdiction over the named respondent; (3) the court lacks subject matter jurisdiction over petitioner's claims as there is no liberty interest in parole; and (4) even if there is a liberty interest, petitioner does not

contest that he received all process due him under clearly established federal law. Petitioner filed an opposition to respondent's motion on March 31, 2006. For the reasons explained below, the court finds that respondent's motion to dismiss should be granted as to the second argument and denied as to the others.

**I.   Procedural History**

Petitioner was convicted of first-degree murder in San Mateo County Superior Court on February 8, 1984, and was sentenced to 25 years to life. Petitioner subsequently filed a petition for writ of habeas corpus. The San Mateo County Superior Court denied the petition on October 20, 2003, and denied petitioner's request for a rehearing on December 18, 2003. The First Appellate District Court for the California Court of Appeal denied the petition on March 30, 3004. The California Supreme Court issued a postcard denial of the petition on March 2, 2005.

**II.   Analysis**

**A.   Timeliness of Claims**

Petitioner seeks habeas relief by claiming that the San Mateo County District Attorney and other government officials are violating the terms of his plea agreement by opposing and trying to prevent his parole release date. Petitioner asserts that he "feels that this has made his plea bargain sentence much longer than he had initially bargained for." Petitioner references at least three "lifer parole consideration hearings," attended by the San Mateo County District Attorney, at which parole is denied upon the consideration of 20-plus-year-old crime factors. Respondent argues that petitioner's claims are untimely presented because petitioner could have discovered the factual predicate of his claim through the exercise of due diligence when he was not released on parole in 1995, yet filed his petition in this action on October 6, 2005, nine years beyond the limitations period specified under AEDPA.

////

////

////

AEDPA provides a one-year limitations period for federal habeas corpus matters. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period is tolled while an application for collateral review is pending in the state courts. 28 U.S.C. § 2244(d)(2).

From the face of the petition, it is not clear whether petitioner filed within or beyond AEDPA's one-year deadline. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed the instant petition on October 6, 2005, less than a year after denial of his petition by the California Supreme Court on March 2, 2005. What is unclear is the basis for his claim in the petition filed in state court. Respondent does not contend that petitioner's application for relief was denied as untimely in the state court. Further, respondent has failed to present evidence that petitioner's claims were in fact untimely filed, as his claim may pertain to any one of three parole hearings that have taken place since he became eligible for parole in 1995. Without more information, the court must recommend that respondent's motion to dismiss petitioner's claims as untimely be denied.

**B.  Jurisdiction over Named Respondent**

Petitioner names California Governor Arnold Schwarzenegger as the respondent in this action. Respondent moves to dismiss in part by contending that the court lacks personal jurisdiction over the named respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing

§ 2254 Cases; *Ortiz-Sandoval v. Gomez,* 81 F.3d 891, 894 (9th Cir.1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir.1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992); *see also, Stanley,* 21 F.3d 359, 360. However, the chief officer in charge of state penal institutions is also appropriate. *Ortiz,* 81 F.3d at 894; *Stanley,* 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. *Id.*

As respondent argues, Governor Schwarzenegger is not a proper respondent in this action because the petition challenges in part a parole release date under the previous administration's official policies with respect to parole consideration. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. *Stanley,* 21 F.3d at 360; *Olson v. California Adult Auth.,* 423 F.2d 1326, 1326 (9th Cir.1970); *see also, Billiteri v. United States Bd. Of Parole,* 541 F.2d 938, 948 (2nd Cir.1976). However, in this case, the court will give petitioner the opportunity to cure this defect by amending the petition to name a proper respondent. *See West v. Louisiana,* 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds,* 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); *Ashley v. State of Washington,* 394 F.2d 125 (9th Cir.1968) (same).

### C. Lack of Federal Subject Matter Jurisdiction

Petitioner contends that his federal constitutional rights were violated when the Board of Prison Terms refused to grant a parole date. He alleges the decision was based on the nature of his crime and not on parole suitability requirements set by the Board of Prison Terms. Respondent moves for summary dismissal alleging petitioner has no protected liberty interest in parole, thus arguing that the court is without jurisdiction to entertain this matter. Respondent further contends that petitioner does not contest that he received all process due under clearly

established federal law.

On August 31, 2006, the Ninth Circuit issued its opinion in *Sass v. California Board of Prison Terms,* 461 F.3d 1123 (9th Cir.2006).  The Ninth Circuit affirmed the district court's denial of the habeas petition finding the state courts' decisions upholding the petitioner's parole denials were not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  *Id.,* at 1123.  The Ninth Circuit determined, however, that the district court had misread the California Supreme Court case of *In re Dannenberg,* 34 Cal.4th 1061, 1087 (2005).  *Sass,* 461 F.3d at 1127.  The Ninth Circuit held that there remained a constitutionally protected liberty interest in a parole date. *Id.,* at 1128.  Because California's parole statutes give rise to a protected liberty interest, respondent's motion to dismiss for lack of subject matter jurisdiction must be denied.

**D.     Due Process**

Respondent further contends that the petitioner fails to raise a cognizable federal claim in that he does not claim that he was denied due process by not being afforded an "opportunity to be heard" or told why "he falls short of qualifying for parole."  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 16 (1979).  Indeed, petitioner does not argue he was not afforded an opportunity to be heard or told why he falls short of qualifying for parole.  Rather, petitioner argues that denial of parole was arbitrarily influenced by information provided in violation of his plea agreement and also by Governor Davis' "no parole policy."  As to this contention, respondent argues the "some evidence" standard set forth in *Superintendent v. Hill,* 472 U.S. 445 (1985), is not clearly established federal law for purposes of 28 U.S.C. § 2254, and therefore, petitioner fails to state a claim.  In *Sass,* however, the Ninth Circuit rejected the argument that the "some evidence" standard is not clearly established in the parole context. *Sass,* 461 F.3d at 1129.  Therefore, petitioner does raise a cognizable federal claim. Respondent's motion must be denied and respondent should be directed to file an answer addressing the merits of the petition.

1  Accordingly, it is hereby RECOMMENDED that:

2  1. Respondent's March 9, 2006, motion to dismiss be granted as to petitioner's failure to
3  name the proper respondent and denied in all other respects;

4  2. Petitioner be granted 30 days in which to file an amended petition naming the proper
5  respondent and identifying by date the specific denial of parole at issue in this action;

6  3. Respondent be directed to file an answer addressing the merits of the petition within
7  20 days of service of petitioner's amended petition; and

8  4. Petitioner's reply, if any, be filed within 30 days thereafter.

9  These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after
11 being served with these findings and recommendations, any party may file written objections
12 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
13 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
14 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
15 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
16 Dated:  March 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6