IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW OTTON, JR., | No. 2:05-cv-2021-MCE-EFB-P |
|     Petitioner, | |
|     v. | <u>ORDER</u> |
| ARNOLD SCHWARTZENEGGER, | |
|     Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

The magistrate judge filed findings and recommendations on March 2, 2007, which were served on all parties and contained a notice that any objections to the findings and recommendations were to be filed within fourteen days. Respondent has filed objections, arguing that petitioner's claim that the District Attorney's opposition to parole was a violation of the plea agreement is time-barred. The magistrate judge noted in the findings and recommendations that it cannot be determined from the face of the petition whether this is so.

///

As explained below, the objections to that conclusion urge the court to construe the petition in a light most favoring dismissal, rather than petitioner. Additionally, to the extent that the timeliness issues are not clear from the current record, it must be noted that respondent brought the instant motion as a motion to dismiss under Rule 4, of the Rules Governing § 2254 Cases. Rule 4 provides, in relevant part,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action as the judge may order.

The Advisory Committee Notes instruct that the rule is designed to "afford the judge flexibility in a case where either dismissal or an order to answer may be inappropriate," including authorizing the judge to require respondent to make a motion supported by information required to show procedural defects such as failure to exhaust, failure to meet the the custody requirement of §2254(a), and the like. Here, the court ordered service of the petition, thereby implicitly finding upon initial review that it did not plainly appear from the face of the petition, or from any attached exhibits, that this petition was subject to any particular procedural defect, including untimeliness. Recognizing that respondent might perceive such a defect after investigating the matter, the court directed respondent to file either an answer or motion, as appropriate. Docket # 8. Respondent, cognizant of the Advisory Committee Notes to Rule 4, *see* Motion at 2, deemed it appropriate to file a motion to dismiss upon the ground of untimeliness, but did not provide any information enabling the court to look beyond the face of the petition and find that it is, in fact, untimely. Thus, as explained below, respondent has not demonstrated that dismissal on procedural grounds, as contemplated by Rule 4, is warranted.

///

///

///

The findings and recommendations note that petitioner's claim of a violation of the plea agreement may pertain to any one of three parole hearings that have occurred since petitioner became eligible for parole in 1995.  Relying on 28 U.S.C. § 2244(d)(1)(D), respondent suggests in the objections that it does not matter which of the parole hearings serves as the basis for petitioner's claim here.  Respondent's argument seems to be that under AEDPA's guidelines for calculating the limitations period, petitioner should have known after his first parole hearing in 1995, when the first alleged breach of a plea agreement took place, that there would be future hearings wherein his plea agreement would also be, in petitioners's view, breached.  Thus, respondent's argument suggests that petitioner should have raised at that time all future claims.  This would include all claims that might eventually arise out of any future parole hearings in which the District Attorney again sought to prevent petitioner's release on parole.   Apart from the problems of ripeness and the speculative nature of any such approach, respondent's argument is unhelpful in clarifying whether the claim is untimely.  The motion fails to provide information necessary for the court to fully evaluate the issue.  Respondent fails to provide dates for petitioner's parole hearings.  Petitioner was convicted in 1984 and references the use of "20 plus year old crime factors" at a parole hearing.  Liberally construed, his pleading appears to timely allege a violation taking place no earlier than 2003.  While it might be possible to adopt another construction that results in dismissal, in considering a motion to dismiss, the court is required to construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 42, reh'g denied, 396 U.S. 869 (1969).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo  review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

///

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 2, 2007, are adopted in full;

2. Respondent's March 9, 2006, motion to dismiss is granted as to petitioner's failure to name the proper respondent and denied in all other respects;

3. Petitioner is granted 30 days in which to file an amended petition naming the proper respondent and identifying by date the specific denial of parole at issue in this action;

4. Respondent is directed to file an answer addressing the merits of the petition within 20 days of service of petitioner's amended petition; and

5. Petitioner's reply, if any, shall be filed within 30 days thereafter.

Dated: March 30, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4