1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW OTTON, JR.,

11              Petitioner,              No. 2:05-cv-2021 MCE KJN P

12        vs.

13   CLAUDE E. FINN,

14              Respondent.           FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17              Petitioner is a state prisoner proceeding without counsel with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  This action proceeds on the first amended petition

19   filed on March 28, 2007.  (Dkt. No. 17.)  In 1984, petitioner was convicted of first degree murder

20   pursuant to a guilty plea.  Petitioner was sentenced on February 9, 1984, to twenty-five years to

21   life in state prison.

22              Petitioner raises four claims in his amended petition, all of which he contends

23   violate the terms of his 1984 plea agreement.[1]  Generally, petitioner contends that his plea

24   agreement provided that he would earn good time credits such that he would parole 12-1/2 years

25   _____

26         [1]  Petitioner does not challenge the 1997 or 2003 denials of parole by the Board of Prison
     Terms.  (See Dkt. 23-6 at 36; 77.)

                                          1

1  after his initial incarceration.  He argues that his plea has been rendered involuntary by the failure

2  of the Board of Prison Terms and San Mateo County officials to abide by the terms of the plea

3  bargain.  Petitioner also argues that San Mateo County officials are violating the plea agreement

4  by appearing at his parole hearings and opposing petitioner's release on parole.  Finally,

5  petitioner contends his plea bargain has been violated by former Governor Gray Davis' "no

6  parole" policy.

7            Respondent argues petitioner's claims are untimely.

8  II.  The Statute Of Limitations And The Plea Bargain

9            The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a statute

10  of limitations for filing a habeas petition:

11            (d)(1) A 1-year period of limitation shall apply to an application for
              a writ of habeas corpus by a person in custody pursuant to the
12            judgment of a State court. The limitation period shall run from the
              latest of–
13
              (A) the date on which the judgment became final by the conclusion
14            of direct review or the expiration of the time for seeking such
              review;
15
              (B) the date on which the impediment to filing an application
16            created by State action in violation of the Constitution or laws of
              the United States is removed, if the applicant was prevented from
17            filing by such State action;

18            (C) the date on which the constitutional right asserted was initially
              recognized by the Supreme Court, if the right has been newly
19            recognized by the Supreme Court and made retroactively
              applicable to cases on collateral review; or
20
              (D) the date on which the factual predicate of the claim or claims
21            presented could have been discovered through the exercise of due
              diligence.
22
              (2) The time during which a properly filed application for State
23            post-conviction or other collateral review with respect to the
              pertinent judgment or claim is pending shall not be counted toward
24            any period of limitation under this subsection.

25  28 U.S.C. § 2244.

26  ////

2

1    Petitioner was sentenced on February 9, 1984.  A twelve-and-a-half year term

2  would have expired no later than August 9, 1996, which arguably would have been the date upon

3  which the factual predicate of the claim could have been discovered.  However, petitioner's

4  initial parole consideration hearing was held on December 30, 1997.  (Dkt. No. 23-6 at 36.)  It

5  appears unlikely petitioner would have believed he would be paroled prior to his initial parole

6  hearing.  Thus, even with December 30, 1997 as a starting date, the statute of limitations expired

7  on December 31, 1998, and would not have been revived by petitioner's 2003 habeas petition

8  filed in the San Mateo Superior Court.  State habeas petitions filed after the one-year statute of

9  limitations has expired do not revive the statute of limitations and have no tolling effect.  See

10  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482

11  (9th Cir. 2001).  The discovery of "the factual predicate" of a claim may give rise to a new

12  limitations period.  Hasan v Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001).  However, it is not

13  necessary for a petitioner to understand the legal significance of the facts; rather, the clock starts

14  when a petitioner understands the facts themselves.  Id. at 1154 n.3.

15    Petitioner has failed to address the issue of timeliness and did not file a reply to

16  respondent's answer.  Petitioner does not say he was unaware of the factual basis of his claim in

17  1996, 1997 or 1998.  Indeed, he argues his understanding of the plea agreement was that he

18  would only serve one-half of the 25 year term and then be released on parole.  Petitioner makes

19  no effort to explain why it took him until 2003 to file a habeas petition in state court.  Petitioner

20  has not borne his burden of demonstrating the petition is timely as to his claims concerning the

21  plea bargain.  See Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (indicating that once a

22  petitioner is given adequate notice and opportunity to respond to allegations that his petition is

23  subject to dismissal pursuant to the applicable statute of limitations, petitioner has the burden of

24  providing an adequate response).

25    But even if the petition were timely brought, his claims would fail.  The last

26  reasoned rejection of the plea bargain claims is the decision of the San Mateo County Superior

3

1  Court which found:

2          a review of the transcript of Petitioner's sentencing proceedings
          indicates that he was not promised, either by the Deputy District
3          Attorney or the court, any particular release date.  Nor did any San
          Mateo County official promise not to oppose Petitioner's parole.
4          The District Attorney's statement that Petitioner was eligible for
          good time/work-time credit did not amount to a promise that
5          Petitioner would be released from prison as soon as his earliest
          possible release date arrived or at any other particular time.

6

7  (Dkt. No. 23-2 at 56.)

8          When a criminal defendant pleads guilty in exchange for certain promised actions,

9  his right to due process of law entitles him to fulfillment of those promises.  Santobello v. New

10  York, 404 U.S. 257, 262 (1971).

11          As noted by the state court, the terms of the plea agreement do not include a

12  promise from the prosecution that they would refrain from opposing petitioner's release on

13  parole.  (Dkt. No. 23-1 at 52-76.)  Although petitioner is correct that the sentencing court noted

14  petitioner is eligible for good-time credits (Dkt. No. 23-1 at 75-76), there is no express promise

15  of a date certain petitioner would be placed on parole, nor a promise that he would be released on

16  parole after the passage of twelve and a half years.  (Dkt. No. 23-1 at 52-76.)[2]  Thus, the state

17  court's rejection of petitioner's plea bargain claims was neither contrary to, nor an unreasonable

18  application of, controlling principles of United States Supreme Court precedent.  The petition

19  should be denied.

20  ////

21

22          [2]  Petitioner also argues that his plea bargain was violated by Governor Gray Davis' "no
     parole" policy.  In partial support of this argument, petitioner quotes Gray Davis as claiming
23  "murderers will be paroled in a pine box," and provides numerous articles supporting petitioner's
     claim that Gray Davis followed a "no parole" policy.  Although petitioner's opinion that the
24  Governor has such a policy is shared by others, as demonstrated by the exhibits and attachments
     filed in support of petitioner's application, petitioner has failed to cite any relevant federal legal
25  authority supporting this claim nor has he demonstrated that such a policy was applied to him.  In
     addition, the court notes that Gray Davis does not currently serve as the Governor of California
26  and he did not reverse a decision of the Board granting petitioner a parole date.  Accordingly,
     former Governor Gray Davis' alleged actions are irrelevant to this petition.

4

III.  Conclusion

For all of the above reasons, the undersigned recommends that petitioner's application for a writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Additionally, if petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 24, 2010

Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

otto2021.157

5